UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                           :

In re                                           :                     Chapter 11 Case No.

LENOX SALES, INC., *et al.*             :                     08-14679 (ALG)

            Debtors.                     :                     (Jointly Administered)
                                           :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(c), AND
364(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS
TO (i) CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM,
(ii) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND
(iii) WAIVE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE**

Upon the motion, dated November 23, 2008 (the "Motion"), of Lenox Sales, Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),[1] for an order, pursuant to sections 105(a), 363(c), 345(b) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (I) authorizing the Debtors to (i) continue to use their existing cash management system (the "Cash Management System"), (ii) maintain existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"), and (iii) waive section 345(b) of the Bankruptcy Code and (II) schedule a final hearing, all as more fully set forth in the Motion; and upon consideration of the Declaration of Fred Spivak pursuant to Local Rule 1007-2; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and

---

[1] The Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, are Lenox Sales, Inc. (3270), Lenox Group Inc. (4956), Lenox Retail, Inc. (3269), Lenox, Incorporated (8476), D 56, Inc. (0891), FL 56 Intermediate Corp. (4955), and Lenox Worldwide, LLC (7980).

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (Attn: Susan D. Golden, Esq.), (ii) Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., 24th Floor, Atlanta, Georgia 30308 (Attn: Jesse H. Austin, III, Esq.) and Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn: Leslie A. Plaskon, Esq.), as counsel for UBS AG, Stamford Branch, the administrative agent for the Debtors' prepetition secured revolving loan lenders and as counsel for the Debtors' postpetition lenders, (iii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.) as counsel for The Bank of New York Mellon, the administrative and collateral agent for the Debtors' prepetition secured term loan lenders, (iv) Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Esq.) as proposed counsel for the Official Committee of Unsecured Creditors, (v) the Pension Benefit Guaranty Corporation, Distress Terminations, Dept. of Insurance Supervision & Compliance, Suite 270, 1200 K Street NW, Washington, DC 20005-4026 (Attn: Marc S. Pfeuffer, Esq.), and (vi) the Banks (as defined below), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "Interim Hearing"); and the Debtors having represented that the monies in their Bank Accounts that are maintained in banks within the United States are in amounts that are insured by the Federal Deposit Insurance Corporation, and that the Debtors have certain Bank Accounts maintained in Canada that are partially insured and certain Bank Accounts in China that contain de minimis amounts; and the Court having entered an order on November 25, 2008 granting the Motion on

an interim basis; and the final hearing having been held on December 15, 2008 (together with the Interim Hearing, the "Hearings"); and the and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors before the commencement of these chapter 11 cases and under the terms of the Service Agreements (as defined below), and to collect, concentrate, and disburse cash in accordance with that Cash Management System; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts, including but not limited to the Bank Accounts with those banks (the "Banks") listed on Exhibit A annexed hereto, in the names and with the account numbers existing immediately prior to the commencement of their chapter 11 cases, (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated transfers and other debits, and (iii) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts; and it is further

ORDERED that all Banks with whom the Debtors maintain Bank Accounts are authorized to maintain, service, and administer the Bank Accounts and any other accounts

opened postpetition in accordance with applicable non-bankruptcy law and in accordance with the service agreements and related documentation between the Debtors and their respective Banks (the "Service Agreements"), and the same may be amended from time to time, including by lifting any administrative or debit freeze placed on any of the Bank Accounts as a consequence of the filing of the petitions commencing these cases; and it is further

ORDERED that unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the date of the commencement of the Debtors' chapter 11 cases (the "Commencement Date"); *provided, however*, that any such Bank may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to an Order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein; and it is further

ORDERED that the Debtors are directed to maintain records of each and every transfer within the Cash Management System occurring postpetition to the same extent maintained by the Debtors prior to the Commencement Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtors' books and records; and it is further

ORDERED that the Debtors' continued use of their Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the other Bank Accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Account(s), as they may deem

necessary and appropriate, and the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; provided, however, that any newly opened Bank Account will be at banks that have been approved by the United States Trustee as authorized bank depositories; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary operation of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing; and it is further

ORDERED that the Debtors are authorized to use their existing Business Forms, including, check stock; *provided*, *however*, that the Debtors shall print "Debtor In Possession" and the chapter 11 case number under which these cases are being jointly administered on any new check stock; and it is further

ORDERED that the Debtors are authorized and shall (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to their Banks as service charges for the maintenance of the Cash Management System and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Commencement Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors are responsible therefor by operation of non-bankruptcy law or under the terms of the Service Agreements with the Banks; and it is further

ORDERED that within two (2) business days after the entry of this Order, the Debtors shall serve a copy of this Order on the Banks; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: December 15, 2008
      New York, New York

                                        */s/ Allan L. Gropper*
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Debtors' Bank Accounts

| Company | Division | Account Description | Account # | Bank Name |
|---|---|---|---|---|
| LENOX | Collections | General-First Union | 2100010070766 | Wachovia Bank |
| LENOX | Collections | ZBA-First Union | 2079950071053 | Wachovia Bank |
| LENOX | Corporate | General-First Union | 2079950061542 | Wachovia Bank |
| LENOX | Corporate | General-First Union | 2000030727995 | Wachovia Bank |
| LENOX | Corporate | Lock Box-First Union | 2100012019411 | Wachovia Bank |
| LENOX | Corporate | Concentration Account | 2000032079010 | Wachovia Bank |
| LENOX | Corporate | Payroll-First Union | 2000001684180 | Wachovia Bank |
| LENOX | Corporate | Disbursements-Master Acct | 2000028329648 | Wachovia Bank |
| LENOX | Corporate | Third Party-ACH/Wires | 2000028330213 | Wachovia Bank |
| LENOX | Corporate | EE Credit Card Cash | 2000032078244 | Wachovia Bank |
| LENOX | Corporate | Controlled Disb. - Payroll | 2079951060649 | Wachovia Bank |
| LENOX | Kinston | Employee Account | 2044740008287 | Wachovia Bank |
| LENOX | Retail | General-First Union | 2000031735708 | Wachovia Bank |
| LENOX | Retail | DTC-First Union | 2100012021069 | Wachovia Bank |
| LENOX | Retail | Global Store Deposits | 2000109855837 | Wachovia Bank |
| LENOX | Wholesale | General-First Union | 2000031708971 | Wachovia Bank |
| LENOX | Wholesale | A/P US Customs | 2100011972009 | Wachovia Bank |
| LENOX | Retail | Store Deposits | 967336751 | National City Bank of the Midwest |
| LENOX | Retail | Store Deposits | 3724111517 | Capital One Bank (formerly: North Fork Bank) |
| LENOX | Retail | Store Deposits | 27318628 | Sevier County Bank |
| LENOX | Retail | Store Deposits | 8000032165 | Northeast Georgia Bank |
| LENOX | Retail | Store Deposits | 658925237 | National City Bank of Pennsylvania |
| LENOX | Retail | Store Deposits | 465196601 | Queenstown Bank of Maryland |
| LENOX | Retail | Store Deposits | 3980515531 | TD Banknorth (formerly: Hudson United Bank) |
| LENOX | Retail | Store Deposits | 1000049142556 | SunTrust Bank |
| LENOX | Retail | Store Deposits- Hoopla-Novi | 982178886 | National City Bank |
| LENOX | Wholesale | General-Canada | 5500613 | Canadian Bank of Commerce |
| LENOX | Wholesale | Change Fund | 2660005105 | Manufacturers and Traders Trust Company |
| LENOX | WWLLC | Shanghai Operating Account | 00010841015 | Bank of America, Shanghai |
| D 56 | Corporate | Controlled Disb. - (ZBA) | 152118013977 | US Bank |
| D 56 | Corporate | Concentration Account | 160233250275 | US Bank |
| D 56 | Corporate | ACH | 170225138859 | US Bank |
| D 56 | Corporate | Credit Card Collections (ZBA) | 170225142810 | US Bank |
| D 56 | Corporate | CC Processing | 104756690137 | US Bank |

| Company | Division | Account Description | Account # | Bank Name |
|---|---|---|---|---|
| D 56 | Corporate | Letter of Credit Funding Acct. | 640126702 | Bank One, NA |
| D 56 | Retail | Retail - Mall of America (ZBA) | 104756211348 | US Bank |
| D 56 | Retail | Retail - Disneyland (ZBA) | 104756807418 | US Bank |
| D 56 | Retail | Retail - San Francisco (ZBA) | 104774436497 | US Bank |
| D 56 | Wholesale | Minneapolis Showroom Checking | 104756211355 | US Bank |
| D 56 | Wholesale | Atlanta Showroom Checking | 129577849 | Wachovia Bank |
| D 56 | Wholesale | Chicago Showroom Checking | 7518739920 | Fifth Third Bank |
| D 56 | Wholesale | Los Angeles Showroom Checking. | 03762-05448 | Bank of America |
| D 56 | Wholesale | New York Showroom Checking | 630-0978736 | Bank of New York |
| D 56 | Wholesale | Dallas Showroom Checking | 950003018 | Frost National Bank |
| D 56 | Wholesale | Columbus Showroom Checking | 658848964 | National City Corporation |
| D 56 | Wholesale | Current Account | 800020405914 | The Bank of Nova Scotia |