```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
LENOX SALES, INC., et al.                                    :    08-14679 (ALG)
                                                             :
          Debtors.                                           :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

### EIGHTH SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 1, 2008, Lenox Sales, Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),[1] filed their Motion for Orders (A) Approving (i) Bidding Procedures, (ii) Form of Asset Purchase Agreement, (iii) Form and Manner of Notice, (iv) Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (B) Approving (i) the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests (the "Sale") and (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases.

On December 16, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Bid Procedures Order")[2] approving, among other things, procedures for the sale of the Debtors' assets and the assumption and assignment of executory contracts and unexpired leases (the "Assumption and Assignment Procedures").

On March 4, 2009, the Bankruptcy Court entered an order (the "Sale Order") approving the sale of all of the Debtors' assets pursuant to that certain asset purchase agreement, dated as of February 25, 2009 (the "APA") between LDG-Delaware Opco, Inc. (the "Purchaser") and the Debtors. The sale was consummated on March 16, 2009.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Lenox Sales, Inc. (3270), Lenox Group Inc. (4956), Lenox, Incorporated (8476), D 56, Inc. (0891), FL 56 Intermediate Corp. (4955), Lenox Retail, Inc. (3269), and Lenox Worldwide, LLC (7980).

[2] Copies of the Bid Procedures Order [Docket No. 127], the Sale Order [Docket No. 347], and the Assumption and Assignment Order [Docket No. 399] are available in the Electronic Case Files of United States Bankruptcy Court for the Southern District of New York at ecf.nysb.uscourts.gov and also upon request to the Debtors' noticing agent, the Garden City Group at 1-866-396-7019 or on the internet: www.lgireorg.com.

On March 12, 2009, the Bankruptcy Court entered an order (the "Assumption and Assignment Order") authorizing the Debtors to assume and assign certain executory contracts and unexpired leases (collectively, the "Agreements").

**PLEASE TAKE FURTHER NOTICE** that, in addition to the Agreements identified in the Assumption and Assignment Order, the Debtors have identified additional Agreements they intend to assume and assign to the Purchaser (now known as Lenox Corporation). These Agreements are set forth on Exhibit A annexed hereto. The cure amount due with respect to each Agreement is set forth on Exhibit A.

Any objections to the assumption and/or assignment of any Contract or Lease identified on Exhibit A, including to the cure amount set forth on such exhibit, must be in writing, be filed with the Court (with a copy to Chambers), set forth with particularity the basis for such objection, and be served on and actually received by the Objection Notice Parties (as defined below) **no later than July 31, 2009 (the "Assignment and Cure Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE that each non-Debtor party to any Contract or Lease that does not timely file an objection by the Assignment and Cure Objection Deadline shall be forever barred from objecting to assignment and assumption of the Contract or Lease and/or the cure information set forth in Exhibit A, including, without limitation, the right to assert any additional cure or other amounts with respect to the Contract or Lease arising or relating to any period prior to such assumption.**

The Objection Notice Parties are: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Pérez, Esq.), (ii) the Office of the United States Trustee for the Southern District of New York (Attn: Susan D. Golden, Esq.); (iii) Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., 24th Floor, Atlanta, Georgia 30308 (Attn: Jesse H. Austin, III, Esq.) and Park Avenue Tower, 75 East 55th Street, First Floor, New York, New York 10022 (Attn: Leslie A. Plaskon, Esq.), as counsel for UBS AG, Stamford Branch, the administrative agent for the Debtors' prepetition secured revolving loan lenders and as counsel for the Debtors' postpetition lenders, (iv) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.) as counsel for (a) The Bank of New York Mellon, the administrative and collateral agent for the Debtors' prepetition secured term loan lenders and (b) the Purchaser, (v) Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Cathy Hershcopf, Esq.) as proposed counsel for the official committee of unsecured creditors, (vi) the Pension Benefit Guaranty Corporation, Distress Terminations, Dept. of Insurance Supervision & Compliance, Suite 270, 1200 K Street NW, Washington, DC 20005-4026 (Attn: Marc S. Pfeuffer, Esq.), and (vii) all parties on the Master Service List established by the Order to Implement Notice and Case Management Procedures, entered November 25, 2008 [Docket No. 35].

If no objections are received by the above deadline, the assumption and assignment of the Leases and the Contracts shall be deemed authorized and the cure amounts set forth on Exhibit A shall be binding upon the non-debtor party to the Lease or Contract for all purposes and will constitute a final determination of total cure amounts required to be paid by the Debtors in connection with the assumption and assignment of the Lease or Contract. Counsel for

the Debtors may then submit to the Bankruptcy Court a certificate of no objection and a form of order granting the requested assumption and assignment of the Leases and Contracts.  Upon authorization of the assumption and assignment of the Leases and Contracts, any and all previously filed objections with respect thereto shall be deemed resolved.

If a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at a mutually agreed upon hearing date.

The Debtors reserve the right to add or subtract any executory contract or unexpired lease to or from Exhibit A prior to the effective date of the assumption and assignment, provided that any objection deadlines shall be adjusted with respect to any Contracts or Leases added to Exhibit A, such that the minimum objection periods provided for under the Bidding Procedures Order shall apply to the newly added Contracts or Leases.

Dated: July 21, 2009
      New York, New York

BY ORDER OF THE COURT

# Exhibit A

## Contracts and Leases to be Assumed and Assigned by the Successful Purchaser

Assignment and Cure Objection Deadline: July 31, 2009

| Counter-party | Date | Description and Address of Property to be Assumed and Assigned | | Cure Amount |
|---|---|---|---|---|
| John M. Saums & Sons, Inc.<br>P.O. Box 83<br>Flemington, NJ 08822<br>Attn: Legal Dept. | 6/19/1996 | Factory Outlet Store Lease<br><br>Kitchen Expo Plaza Shopping Center<br>Route 31-202 Circle<br>Flemington, NJ 08822 | Retail store lease for Lenox 7,700 SF.<br><br>**as modified by agreement of the landlord and the assignee[3]** | $0 |

---

[3] Due to the proprietary nature of the lease terms, the Debtors have not attached the amendment to this notice.